## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**GEORGE HOLLINS**                                                    **PLAINTIFF**

**v.**                                                      **No. 2:07CV148-P-A**

**ATTORNEY ALLAN SHACKLEFORD**                                     **DEFENDANTS**


### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Hollins,

who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of

the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed

this suit.  For the reasons set forth below, the instant case shall be dismissed for failure to state a

claim upon which relief could be granted.

### Factual Allegations

The plaintiff has been charged with aggravated assault, and his attorney has advised that

he plead guilty and accepted a sentence of twenty years imprisonment.  The plaintiff believes that

the maximum sentence for "simple aggravated assault" is five years imprisonment.  He believes

that his attorney has given him bad advice in urging him to accept a sentence greater than the

statutory maximum.  He seeks appointment of other counsel, sanctions against his current

attorney by the Mississippi Bar Association, and money damages.

At most plaintiff has attempted to assert a claim of professional malpractice against the

defendant.  The acts which may give rise to a claim for malpractice do not constitute a cognizable

claim under 42 U.S.C. § 1983.  *O'Brien v. Colbath*, 465 F. 2d 358 (5th Cir. 1972).  In order to

have a cause of action under 42 U.S.C. § 1983, the defendant must act "under color of state

Dockets.Justia.com

law."[1]  Under *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court held that a defendant

does not have to be an officer of the state to act "under color of state law" to be liable under §

1983.  The action by a private person must be fairly attributable to the state for the challenged

conduct to fall within 42 U.S.C. § 1983.  *Barnes v. Lehman*, 861 F.2d 1383, 1386-88 (5th Cir.

1988).  Under these allegations, plaintiff makes no claim that the defendant acted as a state

official – nor that the defendant conspired with a state official to deprive the plaintiff of a

constitutional right.  As such, the plaintiff has stated no claim against defendant Shackleford

under 42 U.S.C. § 1983, and this case shall be dismissed for this reason.  A final judgment

consistent with this memorandum opinion shall issue today.


        **SO ORDERED,** this the 17th day of September, 2007.


                                    /s/ W. Allen Pepper, Jr.
                                    W. ALLEN PEPPER, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[1]  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured . . . .