# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

GEORGE HOLLINS                                                    PLAINTIFF

v.                                                    No. 2:07CV148-P-A

ATTORNEY ALLAN SHACKLEFORD                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Hollins, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has been charged with aggravated assault, and his attorney has advised that he plead guilty and accepted a sentence of twenty years imprisonment. The plaintiff believes that the maximum sentence for "simple aggravated assault" is five years imprisonment. He believes that his attorney has given him bad advice in urging him to accept a sentence greater than the statutory maximum. He seeks appointment of other counsel, sanctions against his current attorney by the Mississippi Bar Association, and money damages.

At most plaintiff has attempted to assert a claim of professional malpractice against the defendant. The acts which may give rise to a claim for malpractice do not constitute a cognizable claim under 42 U.S.C. § 1983. *O'Brien v. Colbath*, 465 F. 2d 358 (5th Cir. 1972). In order to have a cause of action under 42 U.S.C. § 1983, the defendant must act "under color of state

law."[1]  Under *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court held that a defendant does not have to be an officer of the state to act "under color of state law" to be liable under § 1983.  The action by a private person must be fairly attributable to the state for the challenged conduct to fall within 42 U.S.C. § 1983.  *Barnes v. Lehman*, 861 F.2d 1383, 1386-88 (5th Cir. 1988).  Under these allegations, plaintiff makes no claim that the defendant acted as a state official – nor that the defendant conspired with a state official to deprive the plaintiff of a constitutional right.  As such, the plaintiff has stated no claim against defendant Shackleford under 42 U.S.C. § 1983, and this case shall be dismissed for this reason.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .